UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

STEVE CUMMINGS,

    Plaintiff,

-vs-                                            Case No. 6:07-cv-748-Orl-22UAM

GEORGE BUSH, JR., RICHARD
CHENEY, DAN BARTLETT, KARL
ROVE, CABLE NEWS NETWORK, INC.,
LARRY KING,

---

REPORT AND RECOMMENDATION

TO THE UNITED STATES DISTRICT COURT

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| MOTION: | MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS (Doc. No. 3) |
| FILED: | May 1, 2007 |
| THEREON it is **RECOMMENDED** that the motion be **DENIED**. Further **RECOMMENDED** that the complaint be dismissed as being frivolous. | |

I.    FACTUAL BACKGROUND

Steve Cummings proceeding *pro se* filed his complaint for a preliminary injunction. The complaint is largely a jumble of nonsensical allegations. Although the complaint references "FOIA" (Freedom of Information Act) and asks two specific questions, the complaint is devoid of any facts that Cummings has made a proper FOIA request to any specific government agency. Further, although

Cummings seeks to sue President George Bush individually, Cummings alleges no facts regarding any alleged acts by the President. Similarly, Cummings alleges no facts to support any wrongdoing by any of the other named defendants in this action.

## II. THE LAW

### A. The Statute and Local Rules

The United States Congress has required that the district court review[1] a civil complaint filed *in forma pauperis*, and shall dismiss a complaint that is frivolous, malicious, or fails to state a claim. *See* 28 U.S.C. § 1915. The mandatory language applies to all proceedings *in forma pauperis*. The statute provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that --
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal —
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915 (e)(2).

The Local Rules of the United States District Court for the Middle District of Florida also govern proceedings *in forma pauperis*. *See* Local Rule 4.07. Pursuant to Local Rule 4.07 (a), the Clerk dockets, assigns to a judge, and then transmits to the judge cases commenced *in forma pauperis*. Local Rule 4.07 (a). The district court assigns to United States Magistrate Judges the supervision and

---

[1] Section 1915A of 28 U.S.C. requires the district court to screen only prisoner's complaints. Nevertheless, the district court screens other complaints pursuant to 28 U.S.C. § 1915 (e)(2) and Local Rule 4.07 (a).

determination of all civil pretrial proceedings and motions. Local Rule 6.01 (c)(18). With respect to any involuntary dismissal or other final order that would be appealable if entered by a district judge, the United States Magistrate Judge may make recommendations to the district judge. *Id.* The Court may dismiss the case if satisfied that the action is frivolous or malicious under 28 U.S.C. § 1915, or may enter such other orders as shall seem appropriate. Local Rule 4.07 (a).

**B.     Discretion Under 28 U.S.C. § 1915**

Section 1915 grants broad discretion to the district courts in the management of *in forma pauperis* cases, and in the denial of motions to proceed *in forma pauperis* when the complaint is frivolous.[2] *Clark v. Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990); *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984). The pauper's affidavit should not be a broad highway into the federal courts. *Phillips*, 746 F.2d at 785; *Jones v. Ault*, 67 F.R.D. 124, 127 (S.D.Ga.1974), *aff'd without opinion*, 516 F.2d 898 (5th Cir. 1975). Indigence does not create a constitutional right to the expenditure of public funds and the valuable time of the courts in order to prosecute an action which is totally without merit. *Phillips*, 746 F.2d at 785; *Collins v. Cundy*, 603 F.2d 825, 828 (10th Cir. 1979).

**C.     Frivolous and Malicious Actions Under 28 U.S.C. § 1915 (e)(2)(B)(i)**

A lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight. *Clark v. Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990). The trial court must determine whether there is a factual and legal basis, of constitutional or statutory dimension, for the asserted

---

[2] At least one court of appeals views the Prisoner Litigation Reform Act of 1996 as removing some of a district court's discretion because it requires the district court to dismiss a case if it determines that the action or appeal is frivolous, malicious, or fails to state a claim under 28 U.S.C. § 1915 (e)(2). *See Walp v. Scott*, 115 F.3d 308 (5th Cir. 1997).

wrong. *Clark,* 915 F.2d at 639 (11th Cir. 1990). A district court should order a § 1915 dismissal only when a claim lacks an arguable basis in law. *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). Claims may lack an arguable basis in law because of either factual or legal inadequacies. *Id.*

    1.    <u>Frivolous Factual Allegations</u>

Factual allegations are frivolous for the purpose of § 1915 when they are "clearly baseless." *Denton v. Hernandez,* 504 U.S. 25, 32 -33 (1992), citing *Neitzke v. Williams,* 490 U.S. 319, 325-28 (1989). The district court may dismiss even meritorious legal theories under § 1915 if the factual allegations in the complaint are "clearly baseless." *Denton,* 504 U.S. at 32 - 33. "Fantastic" or "delusional" allegations are examples of clearly baseless allegations. *Id.* Also, factual allegations in the complaint may be "clearly baseless" if they are contradicted by other allegations in the complaint. *Battle v. Central State Hosp.,* 898 F.2d 126, 130 n.3 (11th Cir. 1990), *aff'd without opinion after remand,* 114 F.3d 1200 (11th Cir. 1997).

Unsupported conclusory factual allegations also may be "clearly baseless." For example, a district court may properly dismiss a § 1983 complaint as frivolous pursuant to § 1915 where the complaint makes no particularized showing -- and provides no supporting operative facts -- in support of the naked assertion of a conspiracy between a state judge and private defendants. *Phillips v. Mashburn,* 746 F.2d 782, 785 (11th Cir. 1984) (insufficient state nexus under § 1983 without conspiracy); *accord, Sooner Products Co. v. McBride,* 708 F.2d 510, 512 (10th Cir. 1983). In *Phillips,* the Court of Appeals reasoned that the *in forma pauperis* plaintiff must provide an adequate basis for believing that such a conspiracy existed before the district court is required to compel the defendants to answer. *Phillips,* 746 F.2d at 785. This is necessary to protect the courts, state officials,

-4-

and private defendants from malicious or frivolous suits filed by plaintiffs who lack an economic incentive to refrain from filing them. *Phillips*, 746 F.2d at 785 *citing Cruz v. Beto*, 405 U.S. 319, 326 - 27 (1972); *accord, Denton*, 504 U.S. at 33.

If a complaint presents an arguable basis in law and asserts something other than fanciful factual allegations, the district court may not dismiss an action until the court has conducted a sufficient inquiry to determine whether the plaintiff's realistic chances of ultimate success are slight. *Clark*, 915 F.2d at 639; *Moreland v. Wharton*, 899 F.2d 1168, 1169 - 70 (11th Cir. 1990). To do otherwise -- i.e., to allow for *sua sponte* dismissal of in forma pauperis cases that present arguable legal or factual questions -- would be to condone differential judicial treatment of cases based solely on whether a litigant files a complaint accompanied by a filing fee or by an affidavit of indigence. *See Battle v. Central State Hosp.*, 898 F.2d 126, 129 (11th Cir. 1990). If plaintiff's chances of ultimate success remain slight after sufficient inquiry, the district court may then amply protect a nonprofessional pro se litigant by dismissing his suit without prejudice, and by allowing him to file a new complaint *in forma pauperis* that alleges sufficient facts to substantiate his claim. *Phillips*, 746 F.2d at 785.

    2.    <u>Frivolous Legal Theories</u>

Legal theories are frivolous when they are "indisputably meritless." *Neitzke*, 490 U.S. at 329; *Battle v. Central State Hosp.*, 898 F.2d 126, 129 (11th Cir. 1990). Section 1915 authorizes the dismissal of "claims of infringement of a legal interest which clearly does not exist." *See Neitzke*, 490 U.S. at 327.

The district court may dismiss a complaint under § 1915 even if it states a claim for relief.[3] *Clark v. Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 639-40 (11th Cir. 1990); *Jones v. Bales*, 58 F.R.D. 453, 463-64 (N.D.Ga. 1972), *aff'd for reasons stated in district court order*, 480 F.2d 805 (5th Cir. 1973); *see also Neitzke*, 490 U.S. at 326 - 29 (Rule 12 (b)(6) and former section 1915 (d) serve distinctive goals). It is an abuse of discretion, however, to conclude that an *in forma pauperis* case is frivolous -- realistically has no better than a slight chance of success -- because of weaknesses on the face of the complaint as long as the complaint presents an arguable basis in law and fact. A complaint which states a claim for the purposes of Rule 12 (b)(6) -- that is, one clearly having a basis in law -- may still be frivolous if it lacks an arguable basis in fact, for example, asserting fantastic facts. *Clark*, 915 F.2d at 639.

Even if the complaint legally states a claim, and the facts are not fantastic, a district court may nevertheless dismiss on grounds of frivolousness. For example, a §1915 dismissal is appropriate if an affirmative defense would defeat the action. *Clark*, 915 F.2d at 640. Also, the absolute immunity of the defendant would justify the dismissal of a claim as frivolous. *See Clark*, 915 F.2d at 640; *Fuller v. Ga. State Bd. of Pardons & Paroles*, 851 F.2d 1307, 1310 (11th Cir. 1988) (parole board members entitled to absolute quasi-judicial immunity from suit for damages); *Patterson v. Aiken*, 628 F.Supp. 1068, 1072 (N.D. Ga. 1985), *aff'd without opinion*, 784 F.2d 403 (11th Cir. 1986) (*in forma pauperis* complaint against federal district judges dismissed as frivolous because of absolute

---

[3] The analysis for a dismissal for failure to state a claim on which relief may be granted under 28 U.S.C. § 1915 (e)(2)(B)(ii) is somewhat different from the analysis for a dismissal as frivolous under 28 U.S.C. § 1915 (e)(2)(B)(i). The language of § 1915 (e)(2)(B)(ii) tracks the language of Fed. R. Civ. P. 12 (b)(6), so the courts view the allegations in the complaint as true when assessing failure to state a claim under § 1915 (e)(2)(B)(ii). *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). A judge performing an examination for frivolity under § 1915 (e)(2)(B)(i), however, is not required to assume the truth of the allegations. *See Cofield v. Alabama Public Service Commission*, 936 F.2d 512, 515 (11th Cir. 1991).

immunity); *Kimble v. Beckner*, 806 F.2d 1256, 1257 (5th Cir. 1986) (*in forma pauperis* suit against judge, prosecutor, and witnesses dismissed based on immunity given judicial officers); *see also Crisafi v. Holland*, 655 F.2d 1305, 1308 (D.C.Cir. 1981); *Franklin v. State of Oregon*, 563 F.Supp. 1310, 1324, 1332-33 (D. Ore. 1983), *aff'd in part and rev'd in part*, 745 F.2d 1221 (9th Cir. 1984). Res judicata and collateral estoppel are other affirmative defenses which justify dismissal of a claim as frivolous. See *Patterson*, 628 F.Supp. at 1076; *Wilson v. Lynaugh*, 878 F.2d 846 (5th Cir. 1989) (complaint dismissed because it reasserts allegations litigated in previous suit), *cert. denied*, 493 U.S. 969 (1989). The expiration of the statute of limitations is an affirmative defense the existence of which warrants a dismissal as frivolous. *See Franklin*, 563 F.Supp. at 1330, 1332. When the defense is apparent from the face of the complaint or the court's records, courts need not wait and see if the defense will be asserted in a defensive pleading. *Clark*, 915 F.2d at 640.

### III.  ANALYSIS

Of the allegations that can be deciphered, most of them are fantastic or delusional. Examples of those allegations are that the Republican/Democratic political parties have illegally surveilled and tape recorded Cummings' living quarters from 1999 to the present (Docket 1 at 1), "the murderer rudolph giuliani" (Docket 1 at 2), the president's wife is a "hit and run wife" (Docket 1 at 3), "who PAID-OFF, the Federal Government/State of New York, to NOT prosecute the murders (rodriguez/boudreau/cho/cunanan/etc./etc.etc.........Israeli 'bondholders,' - or 'James Bond' himself? Steven Speilberg, Ari Abramson and his mother, the 'women in green,' the Republican and Democratic parties - who?" (Docket 1 at 3). The allegations of the complaint are clearly frivolous.

To the extent the complaint references FOIA and asks questions to which Cummings wants answers, the complaint fails to state a claim for violation of FOIA. Under FOIA, federal agencies are obligated to make certain records available to the public upon proper request to the agency. 5 U.S.C. § 552. On complaint, the district court has jurisdiction to enjoin an agency from withholding records and to order the production of improperly withheld records. 5 U.S.C. § 552(a)(4)(B). Cummings' complaint is not the proper method to make a FOIA request, and the complaint fails to state a claim over which this Court has jurisdiction.

**IT IS RECOMMENDED THAT:**

1. The Court deny Plaintiff's motion to proceed *in forma pauperis* as the complaint is frivolous and fails to state a claim.

2. The Court dismiss the case pursuant to 28 U.S.C. § 1915 (e)(2).

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on June 14, 2007.

DONALD P. DIETRICH
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Honorable Anne C. Conway
Counsel of Record
Unrepresented Party